IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JAMI DAUKSAVAGE and JARED DAUKSAVAGE, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | )   No.   16-cv-801 ) |
| TIM MIELDEZIS and WAL-MART STORES, INC., | ) ) ) |
| Defendants. | ) |

**DEFENDANT'S MOTION TO DISMISS COUNTS II, III AND V AGAINST WAL-MART STORES, INC.**

Defendant Wal-Mart Stores, Inc., by and through its attorneys, DeFranco & Bradley, P.C., moves to dismiss plaintiff's Complaint pursuant to 735 ILCS 5/2-615. In support of its motion, defendant states:

1. Plaintiffs filed a Complaint alleging that on May 19, 2015, plaintiff "was shopping at a watermelon display and at that time, she leaned into the crate and retrieved a watermelon and as she was leaving the display, she caught her toe in an open pallet causing her to trip and fall" (Plaintiffs' Complaint, Count I ¶ 6). Plaintiff alleged: "The pallet had sides added to it which said made it impossible for the customer to see the bottom of the pallet or that it was even on a pallet." Although plaintiff does not specifically so allege, it appears that plaintiff believes that the pallet/bin display presented an unreasonably dangerous condition and that an entrant upon the property could not discover the danger and protect herself against it. Plaintiff alleges that she "caught her tow" in the pallet after retrieving a watermelon (Count I ¶ 6). Although it is difficult to understand exactly how plaintiff managed to trip on the pallet (set forth below)



The mere fact that she found a way to injure herself on Wal-Mart's premises does not render the premises not reasonable safe for its customers.

2. To state a legally sufficient claim of negligence based on a theory of premises liability, the complaint must allege facts establishing the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach. *Rusch v. Leonard*, 927 N.E.2d 316, 321 (2d Dist. 2010); *Kotecki v. Walsh Const. Co.*, 333 Ill. App. 3d 583, 587, 776 N.E.2d 774, 777 (1st Dist. 2002); *Mitchell v. Archibald & Kendall, Inc.*, 573 F.2d 429, 433 (7th Cir. 1978). Whether the defendant owes any duty to the plaintiff and what the scope of any duty may be are questions of law for the trial court to decide, and if the court determines that the defendant owed no duty to plaintiff, it may dismiss the complaint on a motion for involuntary dismissal. *Garrison v. Heublein, Inc.*, 673 F.2d 189, 190 (7th Cir. 1982);

*Fancher v. Central Illinois Public Service Co.*, 279 Ill. App. 3d 530, 535, 664 N.E.2d 692, 695 (5th Dist. 1996).

    3.    In Illinois, a plaintiff must plead sufficient facts to set forth the essential elements of a claim. *Schal Bovis, Inc. v. Casualty Insurance Company*, 314 Ill. App. 3d 562, 575, 732 N.E.2d 1082 (1st Dist. 2000) (conclusions of law and fact are insufficient); *Vernon v. Schuster*, 179 Ill. App. 2d 338, 344, 688 N.E.2d 1172, 1175 (1997); *Nolan v. Hillard*, 309 Ill. App. 3d 129, 142, 722 N.E.2d 736, 747 (1st Dist. 1999). A complaint that does not allege facts sufficient to set forth the essential elements of a claim cannot survive a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure. *Edelman, Combs and Latturner v. Hinshaw and Culbertson*, 338 Ill. App. 3d 156, 788 N.E.2d 740 (1st Dist. 2003).

    4.    Counts II, III, V, and VI of plaintiff's complaint are all based on an allegation that defendant was negligent when placing a watermelon display on a wooden pallet. However, plaintiffs are only entitled to recovery if they are able to show that the defendant violated its duty of reasonable care under the circumstances. *See Peterson v. Aldi Inc.*, 288 Ill.App.3d 57, 62, 679 N.E.2D 1291, 1294, 223 Ill. Dec. 518, 521 (2nd Dist.1997)(overruled to the extent that the court used a subjective standard as to whether a condition was open and obvious). The duty of reasonable care that a landowner owes an entrant does not include a duty to warn of or otherwise take reasonable steps to protect such entrants from conditions that are open and obvious. *Id*. An open and obvious condition is one which a reasonable invitee would be expected to discover and protect himself against. *Buchaklian v. Lake County Family Young Men's Christian Ass'n*, 314 Ill. App.3d 195, 201, 732 N.E.2d 596, 600, 247 Ill. Dec. 541, 546. Here, plaintiffs' allegation cannot, on its face, state a cause of action because, as a matter of law, the wooden pallet underneath the watermelon display constituted an open and obvious condition.

5. In *Kleiber v. Freeport Farm and Fleet, Inc.*, the plaintiff alleged that she was attempting to carry a bag of soil from the pallet on which it was stacked across another empty pallet that was placed on the ground in front of it. 406 Ill. App.3d 249, 251, 942 N.E.2d 640, 642-42, 347 Ill. Dec. 437, 439-40 (2010). When the plaintiff lifted a bag of topsoil and turned to proceed back across an empty pallet to her vehicle, her foot landed in between the wooden slats causing plaintiff to fall and injure her leg. Id. The plaintiff did not seek any help from an associate before attempting to load the bags of topsoil into her vehicle. Id. The court acknowledged, and the plaintiff did not dispute, that the pallet itself constituted an open and obvious danger. Id. at 254.

6. Plaintiff alleges that she "leaned into" the display to retrieve a watermelon and her foot became stuck in "an open pallet." Even taking as true plaintiff's allegation that the top of the display somehow concealed her view of the pallet on which she allegedly tripped, she does not claim that she had to place her feet underneath the pallet to retrieve the watermelon. If plaintiff did not believe, based on some unique condition or circumstance, that she could safely retrieve a watermelon, she could have requested assistance in retrieving a watermelon from the bin. See *Kleiber*, 406 Ill. App. 3d at 260.

WHEREFORE, defendant requests that the Court dismiss Counts II, III, V, and VI of plaintiffs' Complaint and for all other relief this Court deems just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY OF TWELVE.**

DeFRANCO & BRADLEY, P.C.


By /s/James E. DeFranco
    James E. DeFranco, #6181134
    Darrell J. Flesner, #6296382
    141 Market Place, Suite 104
    Fairview Heights, IL 62208
    (618) 628-2000
    (618) 628-2007 Fax
    ATTORNEYS FOR DEFENDANTS

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | |
|---|---|
| JAMI DAUKSAVAGE and<br>JARED DAUKSAVAGE,<br><br>           Plaintiffs,<br><br>vs.<br><br>TIM MIELDEZIS and<br>WAL-MART STORES, INC.,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)   No.   16-cv-801<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that on the __15th__ day of July, 2016, I electronically filed **defendant's Motion to Dismiss Counts II, III and V Against Wal-Mart Stores, Inc.** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

    John Womick, Esq.        jwomick@womicklawfirm.com

DeFRANCO & BRADLEY, P.C.

By /s/James E. DeFranco
    James E. DeFranco, #6181134
    Darrell J. Flesner, #6296382
    141 Market Place, Suite 104
    Fairview Heights, IL 62208
    (618) 628-2000
    (618) 628-2007 Fax
    ATTORNEYS FOR DEFENDANTS