IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMI DAUKSAVAGE and
JARED DAUKSAVAGE
Plaintiffs,

v.                                       No. 3:16-cv-00801-DRH-DGW

TIM MIELDEZIS and
WAL-MART STORES, INC.,
Defendants.

MEMORANDUM & ORDER

HERNDON, District Judge:

Pending before the Court are defendant's two (2) motions to dismiss: motion to dismiss negligence count I, and loss of consortium count IV against defendant, Wal-Mart store general manager Tim Mieldezis ("Mieldezis") (Doc. 3); and, motion to dismiss negligence count II, violation of duty of care count III, and loss of consortium count V against defendant Wal-Mart Stores, Inc. ("Wal-Mart") (Doc. 4). The Court is obligated to raise *sua sponte* subject-matter jurisdictional issues that must be addressed prior to ruling on pending motions. *See Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (explaining universally accepted practice of federal courts to raise *sua sponte* subject-matter jurisdiction at any time or stage of proceedings). For the reasons stated below, this matter is **REMANDED** to the First Judicial Circuit, Williamson County, Illinois and defendants' motions to dismiss are **DENIED** as moot.

## I. INTRODUCTION AND BACKGROUND

This action was filed on June 6, 2016 in Williamson County Circuit Court. Plaintiff Jami and Jared Dauksavage's ("Plaintiff") complaint arises from alleged injuries resulting from a trip and fall occurring on the premises of a Wal-Mart store located in Marion, Illinois. Plaintiff asserts that while shopping, she leaned into a crate to retrieve a watermelon, and caught her toe on a pallet causing her to trip, fall, and suffer injuries (Doc. 1.1). On July 15, 2016, defendants removed the case to this Court asserting diversity jurisdiction under 28 U.S.C. § 1446 (Doc. 1), and moved to dismiss counts of negligence and loss of consortium against defendant Mieldezis pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 3); and, counts of negligence, violation of duty of care, and loss of consortium against defendant Wal-Mart pursuant to 735 ILCS 5/2-615 (Doc. 4.).

## II. LEGAL STANDARD

Defendants removed this case on the ground of diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Doc. 1), which requires complete diversity between parties, plus an amount in controversy exceeding $75,000.00, exclusive of interest and costs. 28 U.S.C. §1441 is the removal statute which is construed narrowly; and as a result, doubts concerning removal are resolved in favor of remand, and the burden of establishing federal jurisdiction falls on the party seeking removal. *See* 28 U.S.C. §1441; *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

Removal based on diversity jurisdiction requires that all parties to the lawsuit possess fully diverse state citizenship; in other words, "no plaintiff may be a citizen of the same state as any defendant." *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016). Yet even when diversity of citizenship is lacking, a district court may discount the citizenship of a non-diverse defendant on removal, when said defendant was fraudulently joined. *See Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993) ("Fraudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts"). Therefore, a defendant seeking removal based on allegations of fraudulent joinder bears the burden of proving that—after all issues of law and fact are resolved in plaintiff's favor—there is *zero* likelihood that plaintiff can institute a cause of action against a non-diverse defendant in state court. *See Thornton v. M7 Aerospace LP*, 796 F.3d 757, 765 (7th Cir. 2015) (explaining that standard for asserting fraudulent joinder is demanding; party seeking removal must show opposition has *"no chance of success"* in claims against the non-diverse party).

### III. APPLICATION OF LEGAL STANDARD

In the instant claim, it appears from the pleadings that diversity of citizenship is not complete. It is undisputed that Mieldezis and plaintiffs are citizens of the State of Illinois. Defendants contend that the citizenship of Mieldezis may be disregarded because he has been fraudulently joined in order to

destroy diversity. In support, defendants point to "the basic test for fraudulent joinder" in *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1927). Under this rationale "[i]f in such a case a resident defendant is joined, the joinder, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal; *but the showing must consist of a statement of facts rightly leading to that conclusion apart from the pleader's deductions.*" *Id.* (emphasis added). Put differently, "[m]erely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith." *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 152 (1914); *see also Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, (1907) (explaining that remand of case to state court is proper where testimony shows that real purpose of plaintiff's suit of resident employee and non-resident employer was to prevent exercise of right of removal by nonresident defendant).

Seventh Circuit instruction is clear on whether the "heavy" burden establishing fraudulent joinder is met; "the district court must engage in an act of prediction" to determine if there is "any reasonable possibility that a state court would rule against the non-diverse defendant." *Poulous v. Naas Foods, Inc.*, 959 F.2d 69, 73 (1992). Defendants claim that "no reasonable possibility" exists where plaintiff would have success in a premises liability claim against Mieldezis because—merely being a store manager at the time of the incident is not enough.

Defendants also contend that under Illinois law no strict liability is imposed on an employee who is "merely the supervisor." *Northrop v. Lopatka*, 242 Ill. App. 3d 1, 5, 610 N.E.2d 806, 810 (Ill. App. Ct. 1993). And they further argue that under *Northrop*, a general manager—as an agent—cannot be held liable for a customer's injuries unless the agent is an active tortfeasor. These assertions are correct, assuming they are applied to facts where an agent is subject to liability of the acts of other agents. *See id*. (explaining that an agent cannot be held responsible for negligence of *another agent* unless he is guilty of fraud or gross negligence in selection of such other agent or improperly cooperated with other agent in his acts or omissions). However, this is not the case in the present action. The facts indicate that Mieldezis, as general manager, is the one and only agent being sued along with his employer.

Under the general principles of agency, an agent's alleged breach of duty to the principal is not itself a basis for holding the agent liable in tort to a third party. However, "an agent *is* subject to liability to a third party harmed by the agent's tortious conduct . . . an actor remains subject to liability although the actor acts as an agent or an employee, with actual or apparent authority, or within the scope of employment," RESTATEMENT (THIRD) OF AGENCY § 7.01 (2006) (emphasis added), "an agent's individual tort liability extends to negligent actions and omissions as well as to intentional conduct." *Id*. at cmt. b.

"In a premises liability cause of action, one of the essential elements is the existence of a duty owed by the defendant to plaintiff." *Strahs v. Tovar's*

*Snowplowing, Inc.*, 349 Ill. App. 3d 634, 640, 812 N.E.2d 441, 447 (Ill. App. Ct. 2004). And whether a duty exists in a particular case, is a question of law to be determined by the court, *Ward v. K Mart Corp.*, 136 Ill. 2d 132, 140, 554 N.E.2d 223, 226 (1990), and in this case, the state court. As pled, this Court lacks the subject-matter jurisdiction to determine whether a duty existed between Mieldezis—as employee store general manager—and plaintiff, because the party's citizenship is non-diverse.

## IV. CONCLUSION

Defendants have not satisfied the requirements under *Wilson* in determining whether Mieldezis was fraudulently joined in the instant claim. Based on the allegations within the complaint, the case is **REMANDED** to state court based on lack of subject-matter jurisdiction, and defendant's motions to dismiss are **DENIED** as moot.

**IT IS SO ORDERED.**

Signed this 23rd day of January, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.01.23 14:48:37 -06'00'

UNITED STATES DISTRICT JUDGE